UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRANDEN GATES,

              Petitioner,

v.

ERROL D. TOULON, JR.,

              Respondent.

**MEMORANDUM & ORDER**
23-CV-07599 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Petitioner has filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his pretrial detention by authorities in Suffolk County, New York. ECF No. 1. After receiving Respondent's response to the petition, along with the relevant records of Petitioner's state court proceedings, the Court concludes that it no longer has jurisdiction over the petition because Petitioner has been transferred to the custody of the State of Washington. The Court therefore determines that no reply submission from Petitioner is necessary, and the Court dismisses the petition without prejudice for lack of jurisdiction.

## PROCEDURAL HISTORY

Petitioner was arrested on July 29, 2023, by members of the Suffolk County Police Department, who detained Petitioner upon learning that he was allegedly evading arrest for a felony charge pending in Washington. ECF No. 1-1; ECF No. 7 at 13–16. Petitioner was arraigned in Suffolk County District Court the next day, and he declined to waive the extradition proceedings that were necessary to transfer him to the custody of authorities in Washington. ECF No. 7 at 33–36. During that same court appearance, the presiding judge authorized Petitioner's detention while the extradition process was pending. *Id.*

During a later court appearance on September 5, 2023, a different judge who presided over Petitioner's challenge to the extradition process rejected Petitioner's request that he be released on bail. ECF No. 7 at 16. Petitioner asserts that, during this latter appearance, the judge authorized his continued detention in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment because the judge "was not fair and impartial" and displayed "bias" and "prejudice" in favor of the attorneys representing Suffolk County. ECF No. 1 at 2. Petitioner filed a petition for habeas corpus under state law in Suffolk County Supreme Court challenging his detention. ECF No. 1 at 2, 7; ECF No. 7 at 19–31. A judge of that court denied Petitioner's petition orally from the bench, and there is no record of Petitioner having appealed that decision to the Appellate Division. ECF No. 7 at 56–78.

Petitioner filed his federal habeas petition on October 2, 2023, less than a week after his state court habeas petition was denied. ECF No. 1. Approximately one week later, Governor Kathy Hochul signed a Governor's warrant authorizing Petitioner's arrest, pursuant to the process used in New York's Uniform Criminal Extradition Act for inter-state extraditions. ECF No. 7 at 8; *see also* N.Y. C.P.L. § 570.18. Petitioner was arraigned on the Governor's warrant three days after it was signed, in Suffolk County Supreme Court, and he waived any further challenges related to the extradition process at that appearance, during which he was represented by counsel. ECF No. 7 at 80–85. Thereafter, agents acting on behalf of Washington retrieved Petitioner from the Suffolk County Correctional Facility on October 29, 2023, to return him to Washington, according to a declaration made under penalty of perjury by the Assistant District Attorney for Suffolk County assigned to Petitioner's case. ECF No. 7 ¶ 1. The Court has independently corroborated that fact through a search of records made publicly available by the

2

King County Correctional Facility in Washington, which reflect that Petitioner was taken into custody on that date and remains in custody there.[1]

## DISCUSSION

Respondent has asked the Court to dismiss Petitioner's habeas petition for lack of jurisdiction since Petitioner is no longer in Respondent's custody. ECF No. 7 at 89–90. Alternatively, Respondent contends that the petition should be denied without prejudice as unexhausted or denied with prejudice as meritless. *Id.* at 90–95. For the reasons set forth below, the Court dismisses the petition for lack of jurisdiction and does not reach the remainder of Respondent's arguments.

Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge," so long as the authority to grant the writ falls "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this jurisdictional limitation to mean that, when a person files a habeas petition pursuant to 28 U.S.C. § 2241 "challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (instructing district court to dismiss Section 2241 petition "without prejudice" for lack of jurisdiction); *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The Supreme Court recognized only a "limited" exception to this rule: "that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may

---

[1] *Subject Lookup*, KING CTY. DEP'T OF ADULT & JUVENILE DETENTION (last visited Nov. 8, 2023), https://dajd-jms.powerappsportals.us/public/subject-lookup/.

King County Correctional Facility in Washington, which reflect that Petitioner was taken into custody on that date and remains in custody there.[1]

## DISCUSSION

Respondent has asked the Court to dismiss Petitioner's habeas petition for lack of jurisdiction since Petitioner is no longer in Respondent's custody. ECF No. 7 at 89–90. Alternatively, Respondent contends that the petition should be denied without prejudice as unexhausted or denied with prejudice as meritless. *Id.* at 90–95. For the reasons set forth below, the Court dismisses the petition for lack of jurisdiction and does not reach the remainder of Respondent's arguments.

Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge," so long as the authority to grant the writ falls "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this jurisdictional limitation to mean that, when a person files a habeas petition pursuant to 28 U.S.C. § 2241 "challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (instructing district court to dismiss Section 2241 petition "without prejudice" for lack of jurisdiction); *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The Supreme Court recognized only a "limited" exception to this rule: "that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may

---

[1] *Subject Lookup*, KING CTY. DEP'T OF ADULT & JUVENILE DETENTION (last visited Nov. 8, 2023), https://dajd-jms.powerappsportals.us/public/subject-lookup/.

direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441.

Pursuant to the jurisdictional limitation in 28 U.S.C. § 2241(a), as interpreted in *Padilla*, this Court no longer has any jurisdiction to adjudicate Petitioner's request for a writ of habeas corpus because he is no longer in custody within the boundaries of this District and has instead been transferred to the custody of the State of Washington. See ECF No. 7 ¶ 1. Although Petitioner was in custody within this District when he filed his petition, the exception articulated in *Padilla* does not apply to Petitioner's case because: (i) the Sheriff of Suffolk County, New York, has no authority to direct authorities in Washington as to how to handle the custody of a person charged with a crime under Washington law; and (ii) Petitioner's new custodian in Washington is not within the Court's jurisdiction.

Since the Court's dismissal is without prejudice, it does not decide the merits of Petitioner's claims. Petitioner remains free to challenge his detention in King County, Washington, through any state law mechanism available to him—or through a federal petition for habeas corpus filed in the U.S. District Court for the Western District of Washington, so long as he first properly exhausts his claims in state court.

## **CONCLUSION**

For the reasons set forth above, the Court DISMISSES Petitioner's petition for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2241, without prejudice for lack of jurisdiction. ECF No. 1. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Any additional request for a certificate of appealability must be addressed to the U.S. Court of Appeals for the Second Circuit. *See* Fed. R. App. P. 22(b). The Court further

4

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Petitioner *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Court respectfully directs the Clerk of Court to enter judgment dismissing the petition without prejudice, to close this case, and to mail Petitioner a copy of this order and the judgment.

       SO ORDERED.

                                                                         */s/ Hector Gonzalez*
                                                                        HECTOR GONZALEZ
                                                                        United States District Judge

Dated: Brooklyn, New York
         November 8, 2023